UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AVALDO AUSTIN,

                        Petitioner,

-against-

WILLIAM BROWN,
                        Respondent.
------------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
**07 Civ. 0960 (SJF)**

On March 6, 2007, petitioner Avaldo Austin ("Petitioner") filed the instant petition ("Petition") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§2254"). Before the Court is the motion of respondent William Brown ("Respondent") to dismiss the Petition for failure to commence this proceeding within the statute of limitations period provided under § 2254(d). For the reasons set forth herein, Respondent's motion is granted.

I.    Background

On September 26, 2000, a judgment of conviction was entered against Petitioner in the Supreme Court of the State of New York, Queens County (Cooperman, J.), upon a jury verdict finding him guilty of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. By Order dated April 28, 2003 ("April 2003 Order"), the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("Appellate Division") affirmed the Petitioner's judgment of conviction. See People v. Austin, 304 A.D.2d 835, 757

1

N.Y.S.2d 876 (2d Dept. 2003). On May 20, 2004, the New York Court of Appeals denied leave to appeal the order of the Appellate Division. See People v. Austin, 2 N.Y.3d 795, 814 N.E.2d 466, 781 N.Y.S.2d 294 (2004).

On August 1, 2005, Petitioner sought a writ of error coram nobis on the ground of ineffective assistance of appellate counsel,[1] which was denied by the Appellate Division on November 28, 2005. See People v. Austin, 23 A.D.3d 672, 804 N.Y.S.2d 275 (2d Dept. 2005). On January 24, 2006, the Court of Appeals denied leave to appeal the order of the Appellate Division. See People v. Austin, 6 N.Y.3d 773, 844 N.E.2d 795, 811 N.Y.S.2d 340 (2006).

On August 4, 2005, petitioner moved pursuant to New York Criminal Procedure Law § 440.10 to vacate the judgment of conviction. Petitioner claimed that his trial counsel had provided ineffective assistance, and that the prosecution's failure to disclose exculpatory material in their possession violated Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). On November 8, 2006, after a hearing, the New York State Supreme Court denied Petitioner's motion. By Order dated February 2, 2007, Petitioner's application for leave to appeal to the Appellate Division was denied.

On March 6, 2007, Petitioner filed the instant Petition seeking a writ of habeas corpus pursuant to § 2254.

II.   Discussion

---

[1] The Appellate Division rejected Petitioner's initial filing on July 22, 2005 for various reasons, including, *inter alia*, failure to: (1) include proof of service of papers upon opposing parties; (2) to make the motion returnable to the proper Courthouse address; and (3) to include a return date.

A.  Legal Standard

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") governs applications of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

> from the latest of-(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year statute of limitations period under the AEDPA may be statutorily tolled. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Although the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending," the provision "does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

The one-year statute of limitations period under the AEDPA may also be tolled for equitable reasons. See Rodriguez v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002) (holding that even though a petitioner is not entitled to automatic tolling mandated by section 2244(d)(2),

under appropriate circumstances the petitioner may be entitled to equitable tolling); see also Cole v. Greiner, No. 01 Civ. 1252, 2003 WL 21812023, at * 2 (E.D.N.Y. Jul. 23, 2003) (holding that the ADEPA statute of limitations is not jurisdictional and may be tolled equitably). "Equitable tolling applies only" in "rare and exceptional circumstance[s]." Smith, 208 F.3d at 17 (citations and quotation marks omitted). "In order to equitably toll the one-year period of limitations," a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time" and "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Id. (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (stating that "[t]o merit application of equitable tolling, the petitioner must demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time") (citations and quotation marks omitted).

B. Application

The one-year statute of limitations runs from the date on which the judgment became final. A conviction becomes "final" under AEDPA when the highest state court concludes its direct review or when the time to seek direct review in the United States Supreme Court by writ of certiorari expires (which is ninety (90) days after entry of the judgment of conviction or of the order denying discretionary review). See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001); Valverde v. Stinson 224 F.3d 129, 132 (2d Cir. 2000). Here, the New York Court of Appeals denied leave to appeal on May 20, 2004; thus, the conviction became "final" ninety (90) days

later, on August 18, 2004.

Nevertheless, Petitioner contends that the one-year statute of limitations runs from May 6, 2005. On that date, Petitioner obtained the trial transcript from the trial of Petitioner's co-defendant Pablo Thompson ("Thompson"), which was conducted subsequent to Petitioners' trial. Petitioner contends that Brady was violated, *inter alia*, by the prosecutor's failure to disclose a witness's testimony including the witness's inability to identify Petitioner during a line-up.

However, it is undisputed that, before Petitioner's trial, the prosecutor provided Petitioner's trial counsel with the police reports, which reflected the witness's inability to identify Petitioner and "included a rough sketch of the testimony" the witness provided at Thompson's trial. (Mem. of Law in Reply to Respt's Mot. to Dismiss the Pet., filed Nov. 14, 2007 ("Reply Mem."), at p.8 n.14; see also Mem. of Law in Supp. of Mot. to Dismiss the Pet., filed October 1, 2007, (Mot. to Dismiss"), p. 15 n.5; Reply Mem. at p. 6 n.12.) During Petitioner's trial, the prosecutor offered to make the witness available. (See Mot. to Dismiss at p. 15 n.5; Reply Mem. at p.6 n.12.) Although Petitioner's present counsel alleges that he was unaware that the witness could not identify Petitioner or the substance her testimony, a review of the police reports would have disclosed this information.

Petitioner also alleges that the nondisclosure of the witness's testimony at Thompson's trial violates Brady. However, since the testimony occurred after Petitioner's trial, the failure to disclose the testimony to the Petitioner could not violate Brady. See Brady, 373 U.S. at 87. In any event, the testimony was given on September 26, 2000, approximately four years before Petitioner's conviction became final and almost five years before Petitioner moved to vacate the judgment in state court. Thus, the one-year statue of limitations began on August 18, 2004, the

date which the judgment became final.

The parties agree that the statute of limitations should be tolled during the pendency of the state relief applications. Petitioner contends that the tolling began on July 22, 2005, the date that Petitioner initially attempted to file a writ of error coram nobis. However, the statue is tolled during the time "properly filed state relief applications are pending." 28 U.S.C. § 2244(d)(2); see also Smith, 208 F.3d at 17. "An application is 'filed,' ... when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 4, 121 S.Ct. 361, 362, 148 L.Ed.2d 213 (2000). An application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, applicable time limits upon its delivery, the court and office in which it must be lodged, and payment of a filing fee." Id. Here, the Appellate Division rejected the July 22, 2005 filing and the petition was not properly filed until August 1, 2005. Therefore, the tolling period began to run from August 1, 2005.

Petitioner also claims that although Petitioner's application for leave to appeal the Appellate Division was denied on February 2, 2007, that the Order of the Appellate Division was not entered until February 9, 2007. However, even assuming that the Court were to agree that the statute of limitations should be tolled until February 9, 2007, the Petition would still be untimely.

Finally, Petitioner claims that the statute of limitations should be equitably tolled but he has not demonstrated "rare and exceptional circumstance[s]" to justify equitable tolling. Smith, 208 F.3d at 391-92; see also Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (stating that "petitioner must 'demonstrate a causal relationship between the extraordinary

6

circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'") (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Counsel for petitioner concedes that he knew that he wanted to review the transcript from the Thompson trial as of December 2004. Although Petitioner did not receive the transcripts until May 6, 2005, counsel for Petitioner first contacted the New York Supreme Court directly to obtain the transcripts in April 2005. Insofar as Petitioner contends that the statute should be tolled because he requested his file from his trial counsel in December 2004 but did not receive it until March 2005, the delay can not be a basis to toll the statute since the receipt of the file in March 2005 concededly did not provide any "new issues" and Petitioner did not attempt to file the Application for a writ of error coram nobis until July 22, 2005. (Reply Motion, p. 12.) Nor is there any indication that during that period that Petitioner was foreclosed from otherwise pursuing the writ of coram nobis.

Based upon the foregoing, the statute of limitations began to run on August 18, 2004. Petitioner did not file a post-conviction motion until August 1, 2005, more than eleven (11) months after the date Petitioner's conviction became final. The limitations period was tolled from August 1, 2005 through February 2, 2007, the time during which properly filed state relief applications were pending. See 28 U.S.C. § 2244(d)(2); see also Smith, 208 F.3d at 17. The one-year statute of limitations period expired on February 20, 2007. Petitioner, however, did not file the instant Petition until March 6, 2007, fourteen days after the statute of limitations expired.

Accordingly the Petition seeking a writ of habeas corpus pursuant to § 2254 is denied.

II.  Conclusion

The Petition for writ of habeas corpus is DENIED in its entirety and the proceeding is dismissed. Since Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close.

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: October 29, 2008
Central Islip, New York

8

Copies to:

Luz Adriana Lopez
Suffolk County Attorney's Office
H. Lee Dennison Building
100 Veterans Memorial Highway
P O Box 6100
Hauppauge, NY 11788

Robert L. Moore
Quesada & Moore, LLP
128 Avon Place
West Hempstead, NY 11552

Karen Wigle Weiss
Queens County District Attorney's Office
125-01 Queens Boulevard
Kew Gardens, NY 11451